# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

In Re: U.B.

No. 13-0193 (Webster County 11-JA-58)

**FILED**

June 10, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner Mother, by counsel Daniel R. Grindo, appeals the Circuit Court of Webster County's order entered on October 24, 2012, terminating her custodial rights to U.B. The West Virginia Department of Health and Human Resources ("DHHR"), by Lee Niezgoda, its attorney, has filed its response. The guardian ad litem, Michael Asbury, filed a response on behalf of the child.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The DHHR sought custody of U.B. after Child Protective Services ("CPS") received a referral alleging the following: that drug paraphernalia was found at the home; that Petitioner Mother used methamphetamine, hydrocodone, and marijuana within a few days of inspection of the home; and that Petitioner Mother tested positive for methamphetamine, opiates, benzodiazepines, and THC. U.B. was immediately removed from the home based on the finding that petitioner's actions constituted abuse and/or neglect and posed an imminent danger to the child. From November of 2011, when the petition was filed, until August of 2012, petitioner failed to comply with her improvement period because she never participated in inpatient drug rehabilitation and had no job, leading to revocation of the improvement period. Additionally, petitioner failed to establish a suitable home for the child. At a review hearing the DHHR recommended termination of parental rights, but the circuit court terminated only the custodial rights after the guardian suggested that the goal of protecting U.B. can be accomplished without terminating parental rights. Following disposition, petitioner's custodial rights were terminated for noncompliance and for failure to establish a suitable home for her child. The circuit court granted two hours of supervised visitation each week, so long as she remains drug and alcohol free.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the

1

evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.,* 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.* 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating her custodial rights to U.B. Petitioner alleges that her efforts to seek treatment demonstrate that she was not unlikely to correct the conditions of abuse and neglect. Petitioner further argues that the mutual bond she shares with the child necessitates continuing custodial rights with U.B. The DHHR and the guardian argue petitioner did nothing to address her chronic drug addiction until her improvement period was terminated for noncompliance. The DHHR and the guardian further argue that the circuit court considered the strong bond between petitioner and U.B. and that the bond warrants the continued contact through weekly visitation, but does not prevent the circuit court from terminating petitioner's custodial rights.

This Court has held that "'courts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened . . . .' Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980)." Syl. Pt. 4, in part, *In re Cecil T.,* 228 W.Va. 89, 717 S.E.2d 873 (2011). "Termination . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected." Syl. Pt. 7, in part, *In re Katie S.,* 198 W.Va. 79, 82, 479 S.E.2d 589, 592 (1996). It is undisputed that petitioner's improvement period was revoked because she did not comply with its terms. The circuit court found that petitioner habitually abused controlled substances and did not follow through with her case plan. This Court finds that the circuit court was presented with sufficient evidence to find that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination was necessary for the child's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate custodial rights upon these findings.

For the foregoing reasons, the circuit court's order terminating petitioner's custodial rights is hereby affirmed.

Affirmed.

**ISSUED**: June 10, 2013


**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II